## WORDEN v. SMITH.

Error—order of non suit—court cannot order a jury to find for a party—the jury are judges of facts.

Where the evidence is pertinent to the issue submitted to the jury, they are to judge of its effects, and the court has no authority to instruct the jury that the facts are proven, and to find for either party.

If the court order a non suit on account of the insufficiency of the evidence, it should enforce obedience to the order by process of attachment, and not leave it to the plaintiff's option to become non suit or not, and upon his refusal, order the jury to find for the plaintiff. It is the province of the jury to try the facts in issue before them.

ERROR. Worden sued Smith for trespass, in taking, &c. a horse. The plea was not guilty, with notice, that the horse belonged to one Beatty, and that two executions were issued in his (Smith's) favor, against Beatty, on which he levied upon, and sold the horse.

[Worden v. Smith.]

On trial, the plaintiff proved, that, in December, 1830, he purchased of one Magee, two horses, and delivered them to Beatty to use during the winter, and took from Beatty a yoke of oxen to use instead of the horses. That Smith ordered out the executions against Beatty, and caused one of the horses to be levied on and sold. The constable did not remember, at the time of the levy, whether he *put his hands on the horse, but he took hold of the halter.* He left the horses with Beatty, and took a receipt for the delivery.

The defendant (Smith) then moved the court for a non suit, and the court below overruled the plaintiff's evidence, and ordered a non suit. The defendant refused to submit to a non suit; whereupon, the court *instructed the jury to find for the defendant,* which they did; on which there was judgment; to reverse which, this writ is brought.

*F. D. Parish,* for the plaintiff.

*Beecher,* contra.

WRIGHT, J.  The evidence given by the plaintiff to the jury was competent and pertinent to the issue; it should not have been ruled out or withdrawn from the jury. If the court, supposing it all true, were of opinion it fell short of establishing a legal right in the plaintiff to recover, it had a legal right to order a non suit. Having made such an order, it should have enforced it. The refusal of the plaintiff to submit, was a contempt of the order, and might have been punished as such; but that refusal conferred upon the court no authority to withdraw competent evidence from the jury, or to give the jury direction what facts were established by the evidence. It is the province of the jury to try facts. In this case, if the cause was submitted to the jury, it was upon their oaths *to try* the facts upon the evidence, and not to register the finding of the court on the facts. The court *may* express an opinion on the facts to the jury, but has no authority to order a jury how to find facts of which they alone are the judges. If the jury were to find a verdict, the evidence should have been left to them. For this error, the judgment is reversed with costs.

The argument, that there was no *corporal touch,* proved in the levy, is too nice for our perception.

Let the cause be remanded, to be reinstated for further proceedings.